The STATE of Ohio, Appellee,

v.

LEVINGSTON, Appellant.

[Cite as *State v. Levingston* (1995), 106 Ohio App.3d 433.]

Court of Appeals of Ohio,
Second District, Champaign County.

No. 95–CA–03.

Decided Sept. 20, 1995.

434

*Darrell L. Heckman,* Champaign County Prosecuting Attorney, for appellee.
*Richard E. Nau,* for appellant.

FAIN, Judge.

· Defendant-appellant Eric A. Levingston appeals from his conviction and sentence for two counts of breaking and entering and for one count of vandalism. He contends that the state failed to prove that his criminal trespass on two government-owned structures was for the purpose of committing a theft offense, and that his conviction on these counts is against the manifest weight of the evidence. Levingston further contends that his conviction for vandalism, based upon breaking a three-foot-by-five-foot glass window in a high school door, is not supported by the evidence because there is insufficient proof that the breaking of this window constituted serious physical harm to the school district's property.

With respect to Levingston's conviction for breaking and entering, we agree with the state that the jury could reasonably infer that Levingston's purpose for trespassing in the two structures was to commit a theft offense. Accordingly, the judgment of the trial court is affirmed with respect to Levingston's breaking and entering convictions. However, we agree with Levingston that there is insufficient evidence in this record of "serious physical harm to property" to support his

vandalism conviction. Because there is sufficient evidence to support his conviction on the lesser included offense of criminal mischief, concerning which there was no procedural error, the judgment of the trial court is modified by reducing the vandalism conviction to a conviction for criminal mischief, and the cause is remanded for resentencing accordingly.

## I

One night in October 1994, the Mechanicsburg Police Department received a report that the concession stand at the fifty-yard line of the Mechanicsburg High School football field had been broken into. Police Officer Mike Piper was dispatched to investigate. He found that a plywood window had been pried off the concession stand and that "from what [he] could tell, there had been some items that had been moved on the counter." Piper gave as a specific example a hotdog warmer that had been moved from its normal place. Piper then approached the Mechanicsburg High School building. He saw someone in the building. He later observed that a three-foot-by-five-foot glass window in the door to the building where the entry had been made was completely broken out.

Champaign County Sheriff's Deputy Allen Huffman apprehended Levingston after he ran out of the high school building.

When apprehended, Levingston admitted to having broken into both structures, but denied having entered the concession stand, and denied having had an intent to commit a theft with respect to either structure. No property was reported missing from either structure. Levingston told Piper that he was trying to find a place to sleep and to keep warm. At trial, Levingston testified that he had no intention of committing a theft offense. Levingston testified as follows:

"Q. Why was it that you went inside the building?

"A. To think over my problems. I had been really stressed out so I decided to go on inside.

"Q. Was it cold out that night?

"A. Not really.

"Q. Were you tired?

"A. No."

Garret Shepard, the principal of Mechanicsburg High School, testified that he looked at the broken window the morning after the incident, that it had been temporarily repaired by placing plywood over it, but that it needed to be replaced. Shepard testified that the window cost $129 to repair.

Levingston was charged in a seven-count indictment, which included one count of aggravated burglary, one count of receiving stolen property, one count of

unauthorized use of a motor vehicle, two counts of breaking and entering, one count of vandalism, and one count of possessing criminal tools. The first three counts involved facts unrelated to the incident at the Mechanicsburg High School. Following a jury trial, Levingston was acquitted on the counts of aggravated burglary and receiving stolen property, but was convicted of the remaining counts. The only counts with which this appeal is concerned are the two breaking and entering counts and the vandalism count.

The trial court merged the count of breaking and entering relating to the high school building into the conviction for vandalism, imposing sentence only for the latter offense. The sentence imposed for vandalism and the sentence imposed for the count of breaking and entering relating to the concession stand were both for terms of one and one-half years, and were made concurrent. From his conviction and sentence, Levingston appeals.

## II

Levingston's first assignment of error is as follows:

"The decision of the trial court finding defendant-appellant guilty of breaking and entering at the Mechanicsburg High School concession stand rather than guilty of the lesser included offense of criminal trespass constituted error in that the decision was contrary to the sufficiency of the evidence and was contrary to the manifest weight of the evidence."

Although Levingston admitted having broken into the concession stand, he denied having entered the concession stand, and he also denied having had any intent to steal. Levingston contends that there is insufficient evidence to support either of these elements. While the evidence of Levingston's entry into the concession stand is not overwhelming, his admission that he broke in, together with Officer Piper's testimony that items on the counter appear to have been moved, is, in our view, sufficient to permit a reasonable inference that Piper entered the concession stand.

■ Piper contends that there is no evidence that he had any intent to steal. A conviction will not be reversed as being against the manifest weight of the evidence if there is evidence in the record from which a jury could infer, beyond a reasonable doubt, all of the elements of the offense. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. Where a defendant is apprehended within a structure that he has forcibly entered, there is a reasonable inference that he did so with the intent to commit a theft offense in the absence of circumstances giving rise to a different inference. *State v. Flowers* (1984), 16 Ohio App.3d 313, 315, 16 OBR 344, 346–347, 475 N.E.2d 790, 792–793.

In *Flowers, supra,* as in the case before us, the defendant offered an innocent explanation for his conduct. However, a jury is not required to accept a competing inference of innocence if it may infer guilt, beyond a reasonable doubt, from the same circumstances. *State v. Jenks, supra.* In the case before us, Levingston offered one explanation at the time he was apprehended. He explained to Piper that he was looking for a place to sleep and to keep warm. At trial, he offered yet another, inconsistent, explanation. He said that he was not tired, and that it was not cold outside; he said that he was looking for a place to think. The jury could reasonably reject both of Levingston's proffered explanations as not credible, and infer, instead, that he entered both structures with the purpose of committing a theft offense.

Levingston's first assignment of error is overruled.

## III

Levingston's second assignment of error is as follows:

"The decision of the trial court finding defendant-appellant guilty of breaking and entering at the Mechanicsburg High School building rather than guilty of the lesser included offense of criminal trespass constituted error in that the decision was contrary to the sufficiency of the evidence and was contrary to the manifest weight of the evidence."

Again, Levingston contends that there is insufficient evidence in this record to support the jury's conclusion, beyond reasonable doubt, that he intended to commit a theft offense when he entered the Mechanicsburg High School building. For the same reasons set forth in Part II, above, we conclude that the evidence presented to the jury permitted it to infer, beyond a reasonable doubt, that Levingston had a purpose to commit a theft offense when he entered the high school building.

Levingston's second assignment of error is overruled.

## IV

Levingston's third assignment of error is as follows:

"The decision of the trial court finding defendant-appellant guilty of felony vandalism at the Mechanicsburg High School building rather than guilty of the lesser included offense of criminal trespass constituted error in that the decision was contrary to the sufficiency of the evidence and was contrary to the manifest weight of the evidence."

Levingston was charged with a violation of R.C. 2909.05(B)(2), which provides as follows:

"No person shall knowingly cause serious physical harm to property that is owned, leased, or controlled by a governmental entity. A governmental entity includes, but is not limited to, the state or a political subdivision of the state, a school district, the board of trustees of a public library or public university, or any other body, corporate and politic responsible for governmental activities only in geographical areas smaller than that of the state."

The term "serious physical harm to property" is defined in R.C. 2901.01(F) as follows:

" 'Serious physical harm to property' means any physical harm to property which does either of the following:

"(1) Results in substantial loss to the value of the property, or requires a substantial amount of time, effort, or money to repair or replace;

"(2) Temporarily prevents the use or enjoyment of the property or substantially interferes with its use or enjoyment for an extended period of time."

The state contends that the property in question was the glass window and that its total destruction constituted serious physical harm to property. Levingston argues that it is absurd to narrow the definition of property to a single glass window when it is incorporated in the structure of a high school building. Levingston argues that this approach would lead to the conclusion that the breaking of a ninety-nine-cent plastic cup would constituted physical harm to the cup, resulting in the commission of a felony, vandalism, as opposed to a misdemeanor, criminal mischief. We agree with Levingston.

The only evidence offered by the state of loss of value was that the repairs to the door window cost $129. There was no testimony that it required a substantial amount of time or effort to repair the window, or that the broken window temporarily prevented the use or enjoyment of the building or substantially interfered with its use or enjoyment for an extended period of time.

The state cites three cases for the proposition that the breaking of a window, by itself, is sufficient to constitute vandalism. The first of these is *State v. Bowman* (Jan. 11, 1990), Cuyahoga App. No. 57659, unreported, 1990 WL 1315. In *Bowman*, the "broken window" was the glass wall of one of two observation cells in the Cuyahoga County Jail. The glass wall measured seven feet three inches high, two feet three inches wide, and one inch thick. We cannot tell from the opinion of the court the amount of money, time and effort needed to repair the glass wall, but there is an implication that it took some time, because there is a reference to the fact that the cell was not able to be used for some period of time because of the danger that a violent inmate would injure himself or further injure the glass wall. Furthermore, we imagine that a glass wall forming part of a observation cell, one inch thick, is not the sort of item that one can run down to

the local hardware store and expect to purchase. In our view, *State v. Bowman* is distinguishable.

The next case cited by the state is *State v. Brown* (Oct. 17, 1991), Cuyahoga App. No. 61402, unreported, 1991 WL 212007. In that case, the defendant had broken ten windows, both storm and interior, at an apartment occupied by his girlfriend, and had also used a chair to put a hole in the door of the apartment. Although the opinion in that case is not extensive, it suggests that the court was impressed by the number of windows that the defendant had broken. In the case before us, only one window was broken.

Finally, the state cites *In re Ryan S.* (July 15, 1994), Lucas App. No. 93 WD 090, unreported, 1994 WL 373517. Although the facts in that case may be similar to the facts in the case before us (a juvenile broke a school window with a BB gun), there is nothing in the opinion to indicate that the court even considered this issue. The opinion indicates that the sole issue considered by the court was whether the evidence in the case was sufficient to establish that it was the appellant who committed the offense, the court finding that evidence in the record supported that finding. Because this was a juvenile delinquency case, it was presumably of less significance to that litigant whether that offense was deemed to be a felony offense of vandalism, or the misdemeanor offense of criminal mischief, since that distinction would not likely have had much effect upon the disposition by the juvenile court. Instead, the juvenile attempted, unsuccessfully, to persuade the juvenile court that he was not the person who committed the act.

R.C. 2909.05(C), while not directly applicable to this case, is of some significance. That division of the statute provides as follows:

"No person, without privilege to do so, shall knowingly cause serious physical harm to any tomb, monument, gravestone, or other similar structure that is used for a memorial to the dead; to any fence, railing, curb, or other property that is used to protect, enclose, or ornament any place or burial; or to a place of burial. For the purposes of this division "serious physical harm" means that the amount of physical harm involved is three hundred dollars or more in value."

While this division of the statute has no direct application in the case before us, it does suggest that the General Assembly regards physical harm to property of less than three hundred dollars in value as being less than "serious physical harm to property."

In the case before us, there was no evidence that it was particularly difficult to repair the broken window, or that it took a particularly long time to do so. Furthermore, there was no evidence that the use of the high school building was precluded by the broken window or that the broken window, which appears to

have been covered over with plywood the next day, substantially interfered with the use or enjoyment of the high school building for an extended period of time. Upon the record in this case, we conclude that the state failed to prove, beyond a reasonable doubt, the element of serious physical harm to property. However, as Levingston notes, that element is not required for criminal mischief, a lesser included offense of vandalism proscribed by R.C. 2909.07. That offense requires for conviction merely that no person shall, without privilege to do so, knowingly damage the property of another.

Levingston's third assignment of error is sustained.

## V

Levingston's third assignment of error having been sustained, and his first and second assignments of error having been overruled, his convictions for breaking and entering are affirmed, and his conviction for vandalism is modified by reducing it to a conviction for criminal mischief. This cause is remanded for resentencing, in accordance with this opinion.

*Judgment accordingly.*

BROGAN and FREDERICK N. YOUNG, JJ., concur.