JOURNAL ENTRY AND OPINION
Appellant, Jovannie Lee, is appealing his conviction for breaking and entering. For the following reasons, we affirm.
Phyliss Lumpkin testified that she is the owner and operator of Kristy's Hair Salon. Ms. Lumpkin left the hair salon around 4:00 p.m. on Monday, locking the door on her way out. On Tuesday morning, her niece called her and said that someone had broken into the hair salon.
Ms. Lumpkin further testified that she arrived at the salon about 8:30 a.m. The storefront window was broken, apparently by a brick that had been thrown through the window. There was shattered glass beneath the window. A mirror hanging on the wall across from the window was also broken. There was a brick in front of the mirror. Behind the door, which was adjacent to the window, there was a large piece of broken window glass, leaning against a chair. Someone must have removed the glass from the window and placed it inside the shop. The glass had an ADT protection sticker on it. When the window was in place, the sticker was located high on the window near the top of the door jam. A stereo, T.V., V.C.R., curling irons and clippers were missing.
Ms. Lumpkin testified that the police came and took finger prints on Tuesday morning. Ms. Lumpkin never saw appellant in her salon. She was seeing him at the trial for the first time.
Detective Kalus of the Cleveland Police Department testified that he dusted the salon for prints. He recovered three sets of latent fingerprints from the large piece of glass that was resting against a chair. The glass came to a point at the upper right-hand corner, and it was at that location the prints were found. The prints were on the interior side of the glass, as indicated by the ADT sticker. The sticker faced the street when the window was in place. Kalus did not turn up any prints on the drawers, counter-tops or other glass. The door was intact, indicating that the point of entry was through the broken window. Detective Kalus indicated that under the right conditions, a fingerprint on an object could last for a week.
Jill Ryan testified that she is a fingerprint examiner for the Cleveland Police Department. Fingerprints are unique to each person. It is possible to touch a surface and not leave prints, depending on the surface and/or the perspiration on one's hand. The prints found on the scene were fed into a computer, which indicated that appellant's prints were a possible match. Ryan and another fingerprint examiner found that one of the sets of prints lifted from the glass matched appellant's prints. She was unable to make a determination on the other two sets of prints. Ms. Ryan took appellant's fingerprints in court. She did not have the tools with her to compare the prints she took from appellant to the copy of appellant's prints on file with the police.
Appellant was found guilty of breaking and entering, but not guilty of grand theft.
 I.
Appellant's first assignment of error states:
 THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO CONVICT HIM OF THE OFFENSES CHARGED.
When reviewing a challenge to the sufficiency of evidence, an appellate court must view the evidence in a light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 520, State v. Jenks (1991), 61 Ohio St.3d 259 . The essential elements of breaking and entering are: (1) a person by force, stealth or deception trespasses in an unoccupied structure, (2) with purpose to commit any theft offense or any felony. R.C. 2911.13(A).
Appellant argues that the fingerprints could have been made when appellant was legitimately inside the shop. The shop owner indicated that she had never seen appellant before. Furthermore, the prints were up near the door jam. A customer would have to stand on the ledge to get his hand there. The angle of the prints made it unlikely that a person made the prints while in the shop interior. From the position of the fingerprints and the position of the piece of broken glass behind the door, a reasonable inference arose that appellant was at the scene of the crime and that he was in fact the criminal agent. State v. Miller (1977),49 Ohio St.2d 198, 202-3, vacated and remanded on other grounds (1977),438 U.S. 911.
A reasonable trier of fact could also assume that appellant's purpose for breaking in was to commit a theft offense, because there were items missing from the shop. See State v. Woody (Jun. 23, 1986), Clark App. No. CA 2145, unreported; See generally State v. Flowers (1984),16 Ohio App.3d 313, 315, overruled on other grounds by State v. Fontes (2000), 87 Ohio St.3d 527; State v. Levingston (1995), 106 Ohio App.3d 433. A rational trier of fact could have found all the elements of breaking and entering in this case.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 THE APPELLANT'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In determining if a conviction is against the manifest weight of the evidence, the appellate court reviews the record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172, citing Tibbs v. Florida (1982), 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652. The court should consider whether the evidence is credible or incredible, reliable or unreliable, certain or uncertain, conflicting, fragmentary, whether a witness was impeached and whether a witness had an interest in testifying. State v. Mattison (1985), 23 Ohio App.3d 10.
The three witnesses who testified in this case were credible and reliable. They did not give conflicting or uncertain testimony, were not impeached, and had little or no interest in testifying. The jury did not lose its way in inferring that appellant's fingerprints demonstrated that he was at the scene of the crime and that he was the criminal agent. Neither did the jury lose its way in concluding that appellant broke into the store in order to commit a theft offense.
Accordingly, this assignment of error is overruled.
 III.
Appellant's third assignment of error states:
 THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL BASED ON MISCONDUCT OF THE PROSECUTING ATTORNEY.
In closing arguments, the prosecutor stated:
 We didn't hear any testimony from anybody that Jovannie Lee knows anybody in the shop. Did you hear that?
Appellant contends that this comment amounted to prosecutorial misconduct. Appellant asserts that the prosecutor's statement was a comment on appellant's failure to testify. See Griffin v. California (1965), 380 U.S. 609; 85 S.Ct. 1229; 14 L.Ed.2d 106 The test is whether the language used was (1) manifestly intended to comment on the accused's failure to testify or (2) the jury would naturally and necessarily take it to be a comment on the failure to testify. See State v. Cooper (1977), 52 Ohio St.2d 163, 173; State v. Webb (1994), 70 Ohio St.3d 325,328-329. The prosecutor was commenting on the lack of evidence from any of the shop employees that they had seen appellant in the shop. The comments were not intended to refer to appellant's failure to testify. A jury can not naturally and necessarily take these comments as a reference to appellant's failure to testify.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________ ANN DYKE, J.:
DIANE KARPINSKI, A.J., AND FRANK D. CELEBREZZE, JR., J., CONCUR.