JOURNAL ENTRY and OPINION
Appellant-defendant, Tracy Turner, appeals his conviction and sentence of three years' imprisonment for burglary in violation of R.C. 2911.12, raising six assignments of error:
 I. THE DEFENDANT IS ENTITLED TO A NEW TRIAL ON THE GROUNDS THAT THE VERDICTS OF NOT GUILTY OF THEFT AND GUILTY OF BURGLARY ARE INCONSISTENT.
 II. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION FOR A NEW TRIAL BASED ON THE JURY'S INCONSISTENT VERDICTS.
 III. THE DEFENDANT IS ENTITLED TO A NEW TRIAL BECAUSE AN ERRONEOUS JURY CHARGE INSTRUCTED THE JURY TO FIND HIM GUILTY OF BURGLARY BASED ONLY ON THE ELEMENTS CONSTITUTING TRESPASS.
 IV. THE DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY FAILED TO REQUEST AN INSTRUCTION ON THE LESSER INCLUDED OFFENSE OF TRESPASSING AND TO OBJECT TO THE IMPROPER JURY INSTRUCTIONS.
 V. THE TRIAL COURT ERRED BY FAILING TO READ A NOTE SUBMITTED BY THE JURY INTO THE RECORD.
 VI. THE COURT ERRED IN SENTENCING THE DEFENDANT BASED ONLY ON HIS FINDING THAT THIS WAS A THEFT-RELATED OFFENSE WHEN THE DEFENDANT HAD BEEN ACQUITTED OF THEFT.
For the following reasons, we find no error in the trial court's decisions and affirm its judgment.
 FACTUAL AND PROCEDURAL BACKGROUND
Appellant was charged with burglary and theft in a two-count indictment filed March 9, 2000. The court overruled appellant's motion to suppress statements he made to the police. The case then proceeded to a jury trial. The jury found appellant guilty of burglary but not guilty of theft. At the sentencing hearing, defendant orally moved the court for a new trial, arguing that the verdicts were inconsistent. The court denied the motion and sentenced appellant to three years' imprisonment.
At the trial, the state presented the testimony of the following witnesses: William Piccuta, the maintenance supervisor at the Bonneville Towers Condo Association in Euclid, Ohio; Euclid Police Department Patrol Officer George Brentar; building manager Irene Civovic; and Euclid Police Department Detectives Mike Grida and Raymond Jorz.
Piccuta testified that he saw wood chips on the floor next to the door to the management office in the building on the morning of Sunday, January 23, 2000. The door, normally locked on weekends, was slightly ajar. He called police, and they entered the office together. He noted that a computer, fax machine, and video cassette recorder (VCR) were missing.
The main door to the building is approximately ten feet from the office door. It is secure. That door had not been tampered with.
Officer Brentar responded to Piccuta's call. He observed that the office was very neat but saw a few items out of place. First, there was a paper towel on the floor with a shoe print on it. Second, the top page on a pile of papers had been turned approximately forty-five degrees to the right. In addition, the latch plate, which had been pried out of the door frame and was lying on the floor, was smudged. He collected these items and took them to the detective bureau.
Detective Grida examined the paper and discovered a fingerprint. He could not identify any fingerprints on the latch plate. The paper towel had two shoe prints on it with different patterns. Neither of these patterns matched the pattern on the shoes worn by appellant when he came to the police station.
Detective Jorz was assigned to assist in the investigation and identification of the fingerprints and identified one thumbprint as belonging to appellant. He obtained an arrest warrant and arrested appellant on the Wednesday following the crime. At the time of his arrest, appellant said, They have cameras there, don't they? They don't have me on tape. He also said, No one saw me break in, you can't prove that I stole anything. When he was told a fingerprint was found at the scene, he said, Maybe my print got there after the fact. He also said, Yeah, I may have gone in there, but you can't prove that I broke in. I saw the wood chips on the floor and went in and looked around, but you can't prove that I took anything. You have a camera. Look on the tape and see if I'm on it. When asked how he knew about the surveillance camera, he told them his girlfriend worked at the Americana, and they all have them. The Americana is a high-rise apartment building in the same geographic area as the Bonneville. He also said, A tenant let me in the building. Show me where the force is. You have got a criminal trespassing, so give me a trespassing.
 LAW AND ANALYSIS A. Inconsistent Verdicts
In his first assignment of error, appellant claims the jury verdicts finding him not guilty of theft but guilty of burglary were inconsistent. He claims the jury could not have found him guilty of trespassing with the purpose to commit a theft but acquit him of theft.
In State v. Lovejoy (1997), 79 Ohio St.3d 440, paragraph one of the syllabus, the Ohio Supreme Court held:
 The several counts of an indictment containing more than one count are not interdependent and an inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count.
In fact, burglary is not defined as trespass with purpose to commit theft, as appellant argues. Rather, R.C. 2911.12(A)(3) defines burglary as, e.g.,
 Trespass [by force, stealth or deception] in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense.
The purpose to commit a criminal offense does not require the actual commission of a crime on the premises. Therefore, it was not inconsistent for the jury to find appellant guilty of burglary and not guilty of theft. Accordingly, we overrule the first assignment of error.
 B. Denial of New Trial
Appellant's second assignment of error contends the trial court erred by denying his motion for a new trial based on the allegedly inconsistent verdicts. Appellant claims the court's stated reasons for denying his motion were faulty.[1] However, we are bound to affirm the trial court's judgment if it can be sustained on any ground, not just on the ground stated by the court. As noted above, the jury's verdicts were not inconsistent. Therefore, we overrule the second assignment of error.
 C. Jury Instructions
Appellant next claims the court erroneously instructed the jury about the elements of burglary. Appellant did not object to the jury charge, so any claimed impropriety must rise to the level of plain error. State v. Underwood (1983), 3 Ohio St.3d 12. Plain error will only justify reversal if, but for the error, the outcome of the trial would have been different. State v. Long (1978), 53 Ohio St.2d 91.
Here, the court charged the jury as follows:
 Before you can find Mr. Turner guilty, you must find beyond a reasonable doubt that on or about the 23rd day of January, and in Cuyahoga County, Ohio the defendant, by force, stealth or deception, trespassed in an occupied structure or in a separately secured portion of an occupied structure, the property of Bonneville Towers Condo Association, with the purpose to commit in the structure or separately occupied portion any criminal offense.
* * *
 Purpose to commit a criminal offense is an essential element of the crime of burglary.
 A person acts purposely when it is his specific intention to cause a certain result.
 It must be established in this case that at the time in question there was present in the mind of the defendant a specific intention to trespass in a structure, dwelling or building or another.
* * *
 The purpose with which a person brings about a result is determined from the manner in which it is done, the weapon used, if any, and all of the facts and circumstances in evidence.
 Theft is a criminal offense and a felony offense in Ohio.
* * *
 In this case the State contends that the defendant trespassed in * * * the property of Bonneville Towers Condo Association, with the purpose to commit a criminal offense. The criminal offense alleged by the State is the offense of theft.
Appellant claims the trial court improperly required the jury to consider whether appellant trespassed with the purpose to trespass. Viewing the instructions as a whole, however, we perceive that the trial court imposed a stricter standard of proof upon the state than was statutorily required by requiring the state to prove appellant purposely trespassed. The court's subsequent instructions clearly required the state to show that the defendant trespassed with the purpose to commit a theft. Viewing the instructions and the evidence as a whole, we cannot say the outcome of the trial would have been different if the court had not required the jury to find appellant intended to trespass; therefore, the third assignment of error is overruled.
 D. Ineffective Assistance of Counsel
Fourth, appellant urges that he received ineffective assistance of counsel at trial because his attorney did not request a jury instruction on the lesser included offense of trespassing and did not object to the allegedly improper jury instruction discussed in the third assignment of error above. The test for determining whether counsel was constitutionally ineffective is essentially the same under both Ohio and federal law:
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, whose result is reliable.
Strickland v. Washington (1984), 466 U.S. 668, 687; see, also, State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus.
The court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. Strickland, supra, at 690.
 A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.
Strickland, supra.
Counsel did not provide ineffective assistance when he refrained from objecting to a jury instruction which increased the burden of proof upon the state. The decision not to request an instruction on a lesser included offense is a matter of trial strategy within the wide range of professionally competent assistance particularly here, given appellant's confession to trespass to the police. State v. Griffie (1996),74 Ohio St.3d 332 . Therefore, the fourth assignment of error is overruled.
 E. Jury's Note
Fifth, appellant contends the court erred by failing to read into the record a question the jury submitted to the court during deliberations. Appellant did not object to the court's failure to read the jury's note in open court, so he must demonstrate that the court's action was a plain error.
The jury's note is not included in the record, but the court's statement to the jury on the record implies that the note was not a question at all but a statement as to the status of the deliberations:
 THE COURT: I know it has been some time since you sent out your note. Have you had any further discussions? Are you any closer to reaching a verdict?
JUROR TOLARO [FOREPERSON]: Not any closer.
The court then proceeded to give the jury a Howard charge, which is reserved for cases in which the jury has deadlocked. State v. Howard (1989), 42 Ohio St.3d 18.
Absent any evidence about the content of the note, appellant cannot show the outcome of the trial would have been different if the court had read it into the record, and we must assume the court's reading of the Howard charge was an appropriate response. Appellant's speculation as to the content of the note is no substitute for the note itself or a record description of its contents. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Therefore, we overrule the fifth assignment of error.
 F. Sentencing
Finally, appellant argues that the court erred by sentencing him to three years' imprisonment on the sole ground that this was his eighth theft-related offense. He claims this crime was not theft-related and that his criminal history was irrelevant to the seriousness of the offender's conduct.
R.C. 2929.11(A) requires that the court's sentencing decisions should be guided by the overriding purposes of sentencing: to protect the public from future crimes and to punish the offender. In exercising its discretion to determine the most effective way to comply with these purposes, the court must consider, among other things, the factors set forth in R.C. 2929.12 relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism.
While burglary does not require proof of a theft, appellant here was found guilty of a form of burglary described as a trespass with the purpose of committing theft. Thus, the court's statement that the offense was theft-related was not inaccurate. Appellant's criminal history was relevant to his likelihood of committing future crimes. R.C. 2929.12(D)(2). The court was not required to make more extensive findings regarding the factors set forth in R.C. 2929.12. Though many parts of R.C. 2929.19
require the court to make findings and state reasons for its sentencing decisions, we are not aware of any provision applicable under the circumstances here. Therefore, we may presume from the silent record that the court considered the statutory criteria. State v. Cyrus (1992),63 Ohio St.3d 164, 166; cf. State v. Gomez (May 23, 2000), Mahoning App. No. 99 C.A. 10, unreported. Therefore, we overrule appellant's sixth assignment of error.
Having found no error in the trial court's decision, we affirm the judgment and sentence imposed upon appellant.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J. and JAMES J. SWEENEY, J. CONCUR
[1] Appellant claims the trial court determined that there was evidence of intent to commit criminal trespass and that this was sufficient to support the burglary charge. He argues this determination is faulty because one cannot convert a trespass charge into burglary by adding the element of intent to trespass. However, the intent to commit a theft offense can be inferred from the fact of forcible entry, in the absence of circumstances giving rise to a different inference. State v. Levingston (1995), 106 Ohio App.3d 433,, 436; State v. Flowers (1984),16 Ohio App.3d 313, 315. There is no other reasonable explanation for prying open the locked door here.