JOURNAL ENTRY AND OPINION
Defendant-appellant Ryan Miller appeals his bench trial conviction for burglary in violation of R.C. 2911.12.
Late one morning, defendant had arranged to meet a drug dealer at a pay phone to buy $150 worth of crack cocaine. The dealer arrived at the pay phone as scheduled, but he took defendant's money and ran away without giving defendant the drugs. Defendant gave chase, but could not keep up with the dealer. He saw the dealer run into the yard of a home, but when he got there the dealer was nowhere in sight. Because the yard was fenced, defendant believed the dealer must have gone into the home. He rang the back door bell and pounded on the door, without an answer. He tried the front door with no answer. He then returned to the back door, knocked and rang, and finally forced his way in.
Unbeknownst to defendant, the owner of the home, a Maple Heights policeman, was sleeping on the living room couch after having worked night shift. The homeowner did not answer the door because he was not expecting anyone and knew that if he got up he would have trouble getting back to sleep. When he heard defendant breaking into his home, he called 911, got his service revolver, and met the intruder in the basement. After wrestling defendant to the basement floor, he ordered him to stay still while he again called 911. The police finally arrived and arrested defendant.
Defendant was charged with aggravated burglary and with burglary. He waived a jury trial. After the state's evidence, the trial court granted a Crim.R. 29 motion for acquittal on the aggravated burglary charge; the court explained that the state had not shown that the homeowner was injured or that defendant had any intention to injure him. The trial went forward, however, on the burglary charge.
Defendant then took the stand, explaining that he entered the home thinking that the drug dealer would be in there. His stated reason for entering the home was to either complete the drug transaction or retrieve his money, by force if necessary. He admitted that he had two convictions for burglary, as well as one for receiving stolen property. He also expressed regret at inconveniencing the homeowner with his mistake and stated he had no intention of stealing once he got inside. Rather, he stated he wanted to get either his drugs or his money, even if he had to "whoop" the dealer.
Finding him guilty of burglary, the court stated,
 for the record, if we believe the defendant's testimony in total, the Court believes it would be a burglary under 2911.12 anyway because the defendant states he was looking to do one of two things, he would get his cocaine, which was his desire and of course is illegal, or he would get his money back or whoop the seller to such condition as he would get his money back. Under any theory, it was an illegal activity, the continuance of an aborted drug purchase.
 The Court believes that just a [sic] reasonable inference is that he broke into the home to get money to buy drugs, if he's that much of a drug addict, and I believe if [the homeowner] * * * was not at home, that [defendant] would have cleaned out the good part of that house to sell to get money.
 In any case, he was in there to steal whatever he could steal. He certainly wasn't breaking in to take a rest, or if believed, that he broke in there to conclude his drug transaction or either to get his money back, all of which is illegal, or to beat up the seller, Mr. Dye. In any case, it was his intent on entering to commit a criminal offense.
Tr. at 95-96, emphasis added. Thereupon the court found defendant guilty and sentenced him to four years at Lorain Correctional Institution.
Defendant timely appealed, stating one assignment of error:
 I. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL HAD THE APPELLANT TESTIFY, THEREBY PROVIDING THE TRIAL COURT WITH THE NECESSARY EVIDENCE TO ALLOW A CONVICTION FOR BURGLARY.
Defendant claims that if he had not testified, the state could not have proven the necessary element of intent to commit a crime necessary to convict him of burglary. Rather, he could have been found guilty only of criminal trespass. Burglary is defined in R.C. 2911.12, which states in pertinent part:
 (A) No person, by force, stealth, or deception, shall do any of the following:
 (1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense;
 (2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense; * * *
 (C) Whoever violates this section is guilty of burglary. A violation of division (A)(1) or (2) of this section is a felony of the second degree. * * *
Defendant conceded that he entered the occupied home of another through force. He claimed, however, that he assumed no one was home when he broke in. This statement is contradicted by his statement that his reason for entering the home was to find the drug dealer he thought was inside. In any event, the house was inhabited, whether he knew it or not. Therefore, the state provided sufficient evidence to prove the first three elements of the crime of burglary: (1) use of force; (2)trespass; and (3) trespass in an occupied structure or trespass in a habitation of another when any person is present.
The last element of the crime, however, requires the offender to enter the home for the purpose of committing a criminal offense. Defendant claims that without the evidence of his intention to complete the drug deal or to use physical force against the drug dealer, the court would not have had sufficient evidence of intent to commit a criminal offense. Therefore, he argues, if he had not testified but instead had exercised his right to remain silent, the court would not have had evidence of intent to commit a criminal offense. Thus, he argues, his testimony could only have hurt him.
A defendant's right to remain silent is inviolate: by not testifying at his trial, a defendant is prevented from incriminating himself. This is a common defense tactic. Allowing the defendant to testify, on the other hand, is a trial tactic taken with great caution because it opens the defendant up to cross-examination.
Defense counsel intended to have the defendant testify from the beginning of the trial. In his opening argument, counsel told the court, "[y]ou're going to hear the defendant testify in this case, Judge * * *." Tr. at 12. His strategy appeared to be that by proving that defendant did not enter the home to rob it, he did not have the intention to commit a theft felony.
Whether this trial tactic constituted ineffective assistance of counsel is the issue. The Ohio Supreme Court has ruled that to prove ineffective assistance of counsel, a party must prove that his counsel's representation fell below an accepted standard, and that but for counsel's deficient performance, the outcome of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136. Further, an appellate court will not second guess the trial strategy chosen by counsel. State v. Lytle (1976), 48 Ohio St.2d 391. Rather, "trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance." State v. Sallie
(1998), 81 Ohio St.3d 673, 675.
Defense counsel had to overcome the reasonable inference is that if a suspect uses force to enter a structure, he is there to commit a theft offense. A body of case law holds:
 [I]t is difficult to ascertain the intent of a person in forcibly entering an occupied structure if he is apprehended before he commits any overt act inside the premises. Nevertheless, there is a reasonable inference that one who forcibly enters a dwelling * * * does so with the intent to commit a theft offense in the absence of circumstances giving rise to a different inference.
State v. Flowers (1984), 16 Ohio App.3d 313, 315. See, also, State v.Turner (Aug. 23, 2001), Cuyahoga App. No. 78630, unreported, 2001 Ohio App. LEXIS 3718 (the intent to commit a theft offense can be inferred from the fact of forcible entry, in the absence of circumstances giving rise to a different inference.); State v. Levingston (1995),106 Ohio App.3d 433.
To dispel the inference of defendant's intent to commit a theft offense, therefore, defense counsel needed to present "an innocent explanation for his conduct." Levingston at 437. Counsel was attempting to present "circumstances to the contrary" to refute the assumption that defendant entered the home with the intent to steal. This strategy backfired, however, because the court found the circumstances he presented were no less criminal than a theft offense would have been.
The key here is the second part of the Bradley test, which requires that the outcome of the trial would have been different but for counsel's actions. Because the inference of criminal intent already existed, counsel's decision to have defendant testify did not adversely affect the outcome of the trial. When entering judgment, the trial court made clear its belief that defendant had entered the home to steal to support his drug habit. The court addressed the evidence presented in defendant's testimony and found that, if believed, it would show that he entered the home to commit a felony. The court also stated it was convinced that "he was in there to steal whatever he could steal. He certainly wasn't breaking in to take a rest * * *. In any case, it was his intent on entering to commit a criminal offense." Tr. at 96. Therefore, the outcome of the case would not have been different if defendant had not testified. The court was clearly convinced that defendant intended to commit a felony when he broke into the home, and defendant's testimony did not affect that belief.
This assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., MICHAEL J. CORRIGAN, J., CONCUR.