DECISION AND JOURNAL ENTRY
{¶ 1} Defendant appeals his conviction for burglary in the Medina County Court of Common Pleas. We reverse and remand.
 {¶ 2} Defendant was indicted on one count of burglary in violation of R.C. 2911.12(A)(3), a third-degree felony, for his unlawful entry into the home of Brenda Roberts and assault of Ms. Roberts' guest, Allen Leach, on January 29, 2006. Defendant was tried to a jury and convicted of burglary in violation of R.C. 2911.21(A)(4), a fourth-degree felony. Defendant timely appealed his conviction, but this Court dismissed his appeal finding the trial court's original sentencing entry, dated October 6, 2006, not to be in compliance with Crim.R. 32(C) and, therefore, not a final appealable order. The trial court issued an entry complying with Crim.R. 32(C) on June 14, 2007, and Defendant timely appealed that entry. Defendant raises three assignments of error. *Page 2 
 Assignment of Error No. I "The trial court erred in failing to instruct the jury on the lesser included offense of criminal trespassing and in failing to properly instruct on a necessary element of criminal trespass as required for a conviction of burglary in violation of [Defendant's] rights to due process and fair trial under the Sixth and Fourteenth Amendments to the Ohio and United States Constitutions."
 {¶ 3} Defendant asserts that the trial court erred in not instructing the jury on the lesser included offense of criminal trespass, including giving an instruction on privilege, an element of the crime of criminal trespass. Defendant maintains that the trial court agreed that criminal trespass was a lesser included offense of burglary, but refused to instruct the jury on the offense based on State v. Fontes (2000),87 Ohio St.3d 527. Instead, the trial court instructed the jury on the lesser included offense of a fourth degree burglary pursuant to R.C.2911.12(A)(4) ("(A)(4) burglary"). Defendant agrees that pursuant toFontes the trial court is not required to give a criminal trespass instruction where the greater offense is felony four burglary. Here, however, Defendant was charged with a felony three burglary pursuant to R.C. 2911.12(A)(3) ("(A)(3) burglary") and Defendant maintains that the trial court simply got confused between the charged crime (the (A)(3) burglary) and the State's suggested lesser included, the (A)(4) burglary, when it made its decision on how to instruct the jury.
 {¶ 4} "The propriety of jury instructions is reviewed for an abuse of discretion. Under this standard, we must determine whether the trial court's decision was arbitrary, unreasonable, or unconscionable — not merely an error of law or judgment." State v. Gibson, 9th Dist. No. 23881, 2008-Ohio-410, at ¶ 18, citing State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 5} As we stated in State v. Divincenzo, 9th Dist. No. 05CA0105-M,2006-Ohio-6330:
 "Criminal trespass is a lesser included offense of aggravated burglary. While a crime may constitute a lesser included offense, it does not follow that a lesser *Page 3 
included offense instruction is mandatory; `[a]n instruction on a lesser-included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser-included offense.'" (Citations omitted). Divincenzo at ¶ 34, quoting State v. Carter
(2000), 89 Ohio St.3d 593, 600.
 {¶ 6} "If under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser included offense must be given. The evidence must be considered in the light most favorable to defendant." (Emphasis added.) State v.Deimling (Dec. 20, 2000), 9th Dist. No. 99CA007496, at *1 quotingState v. Wilkins (1980), 64 Ohio St.2d 382, 388 (Emphasis added).
 {¶ 7} Here, the trial court gave an instruction on both third degree (A)(3) and fourth degree (A)(4) burglaries. An (A)(4) burglary is a lesser included offense of the crime charged. State v. Burgos, 9th Dist. No. 05CA008808, 2006-Ohio-4305, at ¶ 31. The parties concede and the trial court acknowledged that criminal trespass is also a lesser-included offense of an (A)(3) burglary, although the trial court declined to give such an instruction.
 {¶ 8} R.C. 2911.12(A)(3) and (4) defines burglary as follows:
 "(A) No person, by force, stealth, or deception, shall do any of the following:
 ***
 "(3) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense;
 "(4) Trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present."
 {¶ 9} As noted above, R.C. 2911.21(A)(1) prohibits criminal trespass and provides: "[n]o person, without privilege to do so, shall * * * [k]nowingly enter or remain on the land or premises of another[.]" *Page 4 
 {¶ 10} After having heard argument by both counsel on this issue, the trial court determined that the facts did not warrant a criminal trespass instruction because "[t]here is no way factually that the Jury could convict Defendant of criminal trespass and acquit him of felony four burglary." The reason for this, indicated the trial court, was because there was "no factual dispute that this property was, in fact, the temporary or permanent habitation of someone else, other than Defendant." In other words, because both the fourth-degree felony and criminal trespass require that the property on to which a defendant entered to be that of another, a jury could not acquit Defendant of the fourth degree felony and convict him for criminal trespass. This is true; however, Defendant was not charged with (A)(4) burglary.
 {¶ 11} Defendant was charged with (A)(3) burglary, which contains two elements that criminal trespass does not and which, if not found by the jury, could allow them to acquit Defendant of the third degree burglary charge without destroying the viability of a criminal trespass charge or the (A)(4) burglary charge. Specifically, if a jury did not find that Defendant entered a structure or part of a structure (1) which was occupied; (2) with the purpose of committing a criminal offense in that structure, it would have to acquit him of an (A)(3) burglary but could still convict him of criminal trespass or (A)(4) burglary.
 {¶ 12} It is true that an error in declining to give a criminal trespass instruction might be harmless when a defendant is convicted of the more serious charge. DiVincenzo at ¶ 36. Here, however, Defendant was acquitted of the more serious charge, the (A)(3) burglary. Thus, it cannot be said that the trial court's failure to give an instruction on criminal trespass was harmless. Moreover, the criminal trespass instruction should have been given because the facts warrant such an instruction. Deimling, supra. *Page 5 
 {¶ 13} Evidence at trial demonstrated that Defendant and Roberts had a son together and that on January 29, 2006, Defendant picked up his son from Roberts' home for visitation entering the home without knocking. Evidence established that Defendant again entered Roberts' home without knocking around 10:30 p.m. to return his son to Roberts. Defendant entered the house without knocking again around 1:30 a.m., after which an altercation between Roberts' boyfriend and Defendant occurred. The facts are in dispute as to why Defendant came to Roberts' home at 1:30 a.m. Defendant testified that Roberts called him to ask that he return their son's blanket, which was still in Defendant's possession from his recent visitation with his son and Roberts denied making such a call. Testimony established that Defendant routinely entered Roberts' home without knocking to pick up his son or let Roberts' dog out. Evidence established that Roberts had asked Defendant not to enter her house without knocking, although she did not make this request on January 29, 2006, despite Defendant having entered her home on two occasions that evening without knocking prior to the 1:30 a.m. visit. Facts are also in dispute as to what happened when Defendant entered the home at 1:30 a.m. This dispute, however, is not relevant to whether a criminal trespass instruction was appropriate as the trial court need only have to determine whether facts were present that would allow a jury to determine whether Defendant entered Roberts home without privilege. The evidence at trial, as summarized above, supports such instruction.
 {¶ 14} Based on the foregoing, we hold that under the specific facts of this case, the trial court abused its discretion in failing to give the jury the criminal trespass instruction. Defendant's first assignment of error is sustained and the judgment of the trial court is reversed and remanded to the trial court for a new trial. *Page 6 
 Assignment of Error No. II "The [Defendant's] conviction of burglary is based on insufficient evidence and is against the manifest weight of the evidence."
 Assignment of Error No. III "The trial court erred in overruling the [Defendant's] motion for acquittal pursuant to Ohio Rule of Criminal Procedure 29 in that the evidence presented in the State's case was insufficient to sustain a conviction."
 {¶ 15} Defendant asserts that his conviction for burglary was against the manifest weight of the evidence and not supported by sufficient evidence. Because our disposition of Defendant's first assignment of error reverses his conviction, we need only address Defendant's sufficiency argument.
 {¶ 16} This Court analyzes the sufficiency of the evidence "to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. In making this determination, we must view the evidence in the light most favorable to the prosecution. Id.; State v. Feliciano (1996),115 Ohio App.3d 646, 653. "In essence, sufficiency is a test of adequacy."State v. Thompkins, 78 Ohio St.3d 380, 386.
 {¶ 17} Defendant was convicted of burglary in violation of R.C.2911.12(A)(4), which states that:
 "(A) No person, by force, stealth, or deception, shall *** [t]respass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present."
 {¶ 18} A person criminally trespasses when he or she "knowingly enter[s] or remain[s] on the land or premises of another * * * without privilege to do so[.]" R.C. 2911.21(A)(1). Privilege is defined as "an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of * * * [a] relationship." R.C.2901.01(A)(12). *Page 7 
 {¶ 19} We hold that the evidence at trial, as set forth in our discussion of Defendant's first assignment of error, viewed in the light most favorable to the prosecution, is sufficient to support Defendant's conviction for burglary in violation of R.C. 2911.12(A)(4).
 {¶ 20} Defendant's first and second assignments of error are overruled.
 {¶ 21} Defendant's first and second assignments of error are overruled. Defendant's
third assignment of error is sustained and this matter is reversed and remanded for new trial.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 WHITMORE, J., MOORE, P. J., CONCUR. *Page 1