DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Ronald V. Pigg, appeals his conviction from the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Pigg was indicted on one count of burglary, in violation of R.C. 2911.12(A)(2), a felony of the second degree; and one count of menacing by stalking, in violation of R.C. 2903.211(A), a felony of the fourth degree. Pigg entered a plea of not guilty.
 {¶ 3} The indictment stemmed from an incident on March 4, 2008, where Pigg entered the apartment of Kristen Hutchinson. Hutchinson had a roommate, Vanessa Bonceak. Bonceak and Pigg had a child together and they had been in an on-and-off relationship for approximately two years. Bonceak received a phone call from Pigg earlier in the day on March 4, 2008, where he indicated he might come over later that evening to visit their son if Pigg did not have to work. Neither Hutchinson nor Bonceak had given him permission to enter the apartment alone. After *Page 2 
receiving several phone calls informing her that someone had broken into her apartment, Hutchinson called 911. Hutchinson returned home to find law enforcement waiting for her. Law enforcement observed that the blinds to Bonceak's room had been tampered with, there was mud on the window and on the wall above the bed, and there were muddy footprints on the mattress. Law enforcement also found a note that had been left on Bonceak's bed. The note read, "Vanessa, Baby why ain't you here. I love you so much and I have no idea why you ain't here. I love you, Ron. Call me[.] Came to stay the night with you. [A]nd you ain't here[.]" Pigg was arrested by the Akron police on March 5, 2008.
 {¶ 4} A trial commenced on June 16, 2008. Pigg was convicted of the lesser-included offense of burglary, a felony of the fourth degree. The jury returned a verdict of not guilty of burglary as a second degree offense, and not guilty of menacing by stalking. On July 8, 2008, Pigg was sentenced to eighteen months in the Ohio Department of Corrections. The judgment of conviction was journalized on July 8, 2008, from which this appeal was timely taken. Pigg raises two assignments of error. This Court consolidates the assignments of error to facilitate review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT COMMITTED PLAIN ERROR IN FAILING TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE OF CRIMINAL TRESSPASS, R.C.2911.21(A)(1)."
 ASSIGNMENT OF ERROR II "APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AS HIS ATTORNEY FAILED TO REQUEST A JURY INSTRUCTION ON THE LESSER INCLUDED OFFENSE OF CRIMINAL TRESPASS, THUS CAUSING PREJUDICE TO APPELLANT'S SUBSTANTIAL RIGHTS." *Page 3 
 {¶ 5} Pursuant to Crim. R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." To constitute plain error, the error must be obvious and have a substantial adverse impact on both the integrity of, and the public's confidence in, the judicial proceedings. State v.Tichon (1995), 102 Ohio App.3d 758, 767. A reviewing court must take notice of plain error only with the utmost caution, and only then to prevent a manifest miscarriage of justice. State v. Bray, 9th Dist. No. 03CA008241, 2004-Ohio-1067, at ¶ 12. "While a trial court does have a duty to include instructions on lesser included offenses, a defendant still retains the right, through counsel, to waive such instructions.State v. Clayton (1980), 62 Ohio St.2d 45, 47, at fn.2. Given this right to waive jury instructions on lesser-included offenses, plain error does not lie where trial counsel failed to request jury instructions on lesser included offenses as a matter of trial strategy. Id. at 47."State v. Davis, 9th Dist. No. 21794, 2004-Ohio-3246, at ¶ 18.
 {¶ 6} Appellant points to this Court's ruling in State v. Morris, 9th Dist. No. 07CA0044-M, 2008-Ohio-3209, and contends that in addition to instructing the jury on the lesser-included offense of burglary as a fourth degree felony under R.C. 2911.12(A)(4), the trial court was required to instruct the jury on another lesser-included offense of burglary, that of criminal trespass under R.C. 2911.21(A)(1). InMorris, the trial court refused to grant the defendant's request for a jury instruction on criminal trespass. Morris at ¶ 3. However, in the present case, no such request was made. The trial record indicates that trial counsel for Pigg agreed to the jury instructions with the exception of a minor objection regarding the menacing by stalking charge. The parties were "in consensus" with regard to the jury instruction on the burglary charge. *Page 4 
 {¶ 7} The decision not to request a jury instruction on criminal trespass appears to be part of a trial strategy which allowed trial counsel to successfully persuade the jury that his client was not guilty of burglary as a second degree offense and not guilty of menacing by stalking. With the aim of obtaining an acquittal on all charged counts, trial counsel for Pigg advanced the theory that his client had entered the apartment with permission. R.C. 2911.21(A)(1), which proscribes criminal trespass, provides in a pertinent part: "No person, without privilege to do so, shall: [k]nowingly enter or remain on the land or premises of another[.]" To request a specific jury instruction for the lesser-included crime of criminal trespass would have undermined trial counsel's theory of the case which maintained that Pigg entered the apartment with permission. Trial counsel's decision amounted to an implicit waiver of the right to have a jury instruction on the lesser-included crime. Therefore, the tactical decision of trial counsel not to request a jury instruction on criminal trespass does not amount to a manifest miscarriage of justice and is not plain error.
 {¶ 8} The fact that trial counsel for Pigg made a tactical decision not to request a jury instruction on criminal trespass is also relevant to this Court's analysis of the allegation of ineffective assistance of counsel. To prevail on an allegation of ineffective assistance of counsel, the appellant must satisfy a two-prong test. First, the appellant must establish that his trial counsel's performance fell below an objective standard of reasonable representation and, second, he must demonstrate that he was prejudiced by counsel's performance.Strickland v. Washington (1984), 466 U.S. 668, 687; State v.Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. Trial counsel for Pigg elected not to request the jury instruction on criminal trespass as part of a trial strategy that proved to be, in part, successful. The strategy was reasonable and worked to the benefit of his client in that Pigg was acquitted of the second degree felony *Page 5 
burglary charge as well as the fourth degree felony menacing by stalking charge. Employing such a strategy did not constitute ineffective assistance of counsel. The first and second assignments of error are overruled.
 III. {¶ 9} Pigg's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
WHITMORE, J. BELFANCE, J. CONCUR. *Page 1