[Cite as *State v. Lockhart*, 2017-Ohio-914.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 28053 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| SAMANTHA LOCKHART | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 15 01 0137 |

DECISION AND JOURNAL ENTRY

Dated: March 15, 2017

HENSAL, Presiding Judge.

{¶1}   Samantha Lockhart appeals a judgment of the Summit County Court of Common Pleas that convicted her of vandalism. For the following reasons, this Court affirms.

I.

{¶2}   On the morning of January 13, 2015, a supervisor at the Summit County Fiscal Office arrived at work to find her cubicle covered in glitter, silly string, toilet paper, and a white powder that resembled baby powder. Because her computer, printer, and scanner needed to be thoroughly cleaned, she was unable to complete her work for a couple of days. Her office chair also needed to be replaced because it emitted powder whenever she sat on it. Upon review of security camera recordings, authorities determined that Ms. Lockhart had created the mess, which she accomplished by coming in after the office had closed for the evening.

{¶3}   The Grand Jury indicted Ms. Lockhart for breaking and entering, criminal damaging, and vandalism. A jury acquitted her of the breaking and entering and criminal

damaging offenses, but found her guilty of vandalism. The trial court sentenced her to nine months in jail, which it suspended pending her completion of community control. Ms. Lockhart has appealed her vandalism conviction, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THE CONVICTION FOR VANDALISM WAS PLAIN ERROR BECAUSE THE STATE FAILED TO PRODUCE SUFFICIENT EVIDENCE TO SHOW THAT ANY PROPERTY USED FOR A PROFESSION, TRADE, OR OCCUPATION SUFFERED PHYSICAL HARM.

{¶4} Ms. Lockhart argues that her conviction for vandalism was not supported by sufficient evidence because the State failed to demonstrate physical harm to anything that the supervisor used to do her job. According to Ms. Lockhart, because all of the equipment worked properly after it was cleaned, no physical harm occurred.

{¶5} Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In making this determination, we must view the evidence in the light most favorable to the prosecution:

An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶6} Revised Code Section 2909.05(B)(1)(b) provides that "[n]o person shall knowingly cause physical harm to property that is owned or possessed by another, [if,] [r]egardless of the * * * amount of damage done, the property * * * is necessary in order for its owner or possessor to engage in the owner's or possessor's profession, business, trade, or

occupation." As applied to property, "physical harm" means "any tangible or intangible damage to property that, in any degree, results in loss to its value or interferes with its use or enjoyment." R.C. 2901.01(A)(4). It does not include normal wear and tear. *Id*.

{¶7} According to the County's computer systems software analyst, the supervisor's computer, printer, and scanner required cleaning because they could fail to perform if everything was not cleaned out of them properly. He testified that the printer and scanner, in particular, could have been permanently damaged if someone had attempted to use them before they were cleaned. Upon review of the record, we conclude that, because Ms. Lockhart's conduct temporarily diminished the function of the supervisor's equipment, it "damaged" them under Section 2901.01(A)(4). Even if the computer, printer, and scanner were not physically harmed, Ms. Lockhart's argument does not acknowledge the fact that the County needed to replace the supervisor's office chair. Ms. Lockhart has not argued that the chair was not "necessary" property under Section 2909.05(B)(1)(b), that it did not need to be replaced, or that it did not suffer physical harm under Section 2901.01(A)(4). Although Ms. Lockhart has argued that her case is similar to *State v. Levingston*, 106 Ohio App.3d 433 (2d Dist.1995), we note that the subdivision of Section 2909.05 at issue in *Levingston* required the State to establish *serious* physical harm to property, which has different requirements under Section 2901.01 than physical harm. *Id*. at 440; R.C. 2901.01(A)(4), (6). Accordingly, we conclude that Ms. Lockhart's vandalism conviction is supported by sufficient evidence. Ms. Lockhart's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE VANDALISM CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THERE WAS NO TESTIMONY THAT ANY PROPERTY USED FOR A PROFESSION, TRADE, OR OCCUPATION SUFFERED PHYSICAL HARM.

**{¶8}** Ms. Lockhart next argues that her vandalism conviction is against the manifest weight of the evidence. If a defendant asserts that a conviction is against the manifest weight of the evidence,

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *Thompkins*, 78 Ohio St.3d 380, at 387. An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

**{¶9}** Ms. Lockhart argues that her conviction is against the weight of the evidence because the supervisor's office equipment worked fine after it was cleaned. She notes that the Fiscal Office's computer systems analyst admitted that computer maintenance is a routine part of the office's operation. Ms. Lockhart argues that, because the supervisor's computer, scanner, and printer were able to be returned to her office in working condition after only three days, her conviction must be vacated.

**{¶10}** The idea that the damage Ms. Lockhart caused could be repaired does not negate the fact that she caused physical harm to the supervisor's equipment. To constitute physical harm under Section 2901.01(A)(4), damage does not have to be permanent, but merely "interfere[ ] with [the] use or enjoyment" of the property. It was not disputed that Ms. Lockhart's actions caused the supervisor to be unable to use her computer, printer, and scanner

for multiple days. In addition, Ms. Lockhart has not disputed that the supervisor's office chair also had to be replaced.

{¶11} Upon review of the record, we conclude that the jury did not lose its way when it convicted Ms. Lockhart of vandalism. Ms. Lockhart's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

APPELLANT SUFFERED PLAIN ERROR FROM THE LACK OF A JURY INSTRUCTION FOR CRIMINAL MISCHIEF.

{¶12} Ms. Lockhart next argues that the trial court should have instructed the jury about criminal mischief, which she argues is a lesser-included offense of vandalism. She notes that, if the jury had found her guilty of criminal mischief instead of vandalism, her conviction would be for a misdemeanor instead of a felony.

{¶13} Under Criminal Rule 30(A), "a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict * * *." Ms. Lockhart concedes that, because she did not request a jury instruction for criminal mischief, this Court's review is for plain error. *See State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, ¶ 52. "Plain error exists only where it is clear that the verdict would have been otherwise but for the error." *Id*. "[T]he plain error rule should be applied with utmost caution and should be invoked only to prevent a clear miscarriage of justice." *State v. Underwood*, 3 Ohio St.3d 12, 14 (1983).

{¶14} The trial court must instruct the jury on a lesser included offense if "the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser-included offense." *State v. Carter*, 89 Ohio St.3d 593, 600 (2000). A defendant, however, retains the right to waive such instructions, including through counsel. *State v. Pigg*, 9th Dist. Summit No. 24360, 2009-Ohio-2107, ¶ 5; *see State v. Clayton*, 62 Ohio

St.2d 45, 47 (1980), fn. 2. Because a defendant has the right to waive lesser-included instructions, this Court has determined that plain error does not exist if trial counsel failed to request a jury instruction of a lesser-included offense as a matter of trial strategy. *Pigg* at ¶ 5. Furthermore, it is presumed that the failure to request an instruction on a lesser-included offense is a matter of trial strategy. *State v. Burks*, 9th Dist. Summit No. 27423, 2015-Ohio-1246, ¶ 7. In the absence of any indication in the record that the failure to request an instruction on a lesser-included offense was anything other than a tactical decision, this Court has determined that a trial court's failure to give such instructions "does not amount to plain error." *Id.*; *See State v. Davis*, 9th Dist. Summit No. 21794, 2004-Ohio-3246, ¶ 18.

**{¶15}** Ms. Lockhart again compares this case to *Levingston*, but, as explained earlier, the charge in that case required the State to prove serious physical harm. Even assuming that criminal mischief is a lesser-included offense of the vandalism charge, Ms. Lockhart has not directed this Court to anything in the record that would suggest that her counsel's failure to request a lesser-included offense instruction was anything other than a tactical decision. Accordingly, we conclude that Ms. Lockhart has failed to establish plain error. Her third assignment of error is overruled.

III.

**{¶16}** Ms. Lockhart's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

DONALD GALLICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.