JOURNAL ENTRY AND OPINION
{¶ 1} Vincent Powers appeals from his conviction on two counts of burglary. He claims error in the trial court's denial of his Crim.R. 29 motion for acquittal and claims that his constitutional rights were violated when he was convicted and sentenced for violations of both R.C. 2911.12(A)(1) and (A)(2). We affirm in part, vacate in part and remand for an order issuing a corrective journal entry.
 {¶ 2} The record reveals that at approximately 4:30 a.m. on the morning of September 11, 2004, Tanya O'Meara was sitting in the living room of her home on West 140th Street in Cleveland and smoking a cigarette after a sleepless night. Her husband, John, was asleep in their upstairs bedroom. As Mrs. O'Meara sat on her couch, she heard a distinct clicking noise which sounded like the front screen door being opened. Following several seconds, Mrs. O'Meara walked toward the screen door to investigate and encountered a man standing approximately "three steps" inside her living room. The man asked if a "Dave" was there, and Mrs. O'Meara replied, "you have the wrong door."
 {¶ 3} After this brief exchange, the O'Mearas' 70 pound German Shepard mix began barking. The intruder immediately turned from the home and ran out the door. Mrs. O'Meara shouted for her husband and told him that a strange man had just entered their home. Mr. O'Meara immediately ran down from the upstairs bedroom, grabbed the telephone and dialed 9-1-1 as he ran out to the front porch to see the intruder. He arrived at the front door of the house in time to see the intruder running down the street.
 {¶ 4} Following Mr. O'Meara's call, Cleveland Police officers Helschel and Zak patrolled the immediate vicinity of the area and found Vincent Powers near the intersection of West 136th and San Diego. The officers took Powers back to the O'Meara home where Mrs. O'Meara identified him as the man who entered her home.
 {¶ 5} Powers was immediately handcuffed and taken into custody. At his booking and as per protocol, Officer Mark Williams was removing the strings from Powers clothing when an unrolled condom fell from the leg of Powers' pants. Since the officer did not believe Powers committed a sex offense, he discarded the condom.
 {¶ 6} Powers was charged with two counts of burglary in violation of R.C. 2911.12 and the case proceeded to a bench trial. Powers was found guilty on both counts and sentenced to concurrent, five-year sentences on each count. He appeals from this conviction in the assignments of error set forth in the appendix to this opinion.
 {¶ 7} In his first assignment of error, Powers claims that under double jeopardy provisions of the Ohio and United States constitutions, he cannot be sentenced for violations of both R.C.2911.12(A)(1) and R.C. 2911.12(A)(2). A review of the record, however, shows that Powers was charged with two counts of burglary under R.C. 2911.12, and the language of the indictments is consistent with only R.C. 2911.12(A)(2), not (A)(1). For this reason, this portion of Powers' first assignment of error lacks merit.
 {¶ 8} Powers next contends, albeit under the incorrect subsections, that his two counts of burglary constitute one offense. We agree, although for different reasons.
 {¶ 9} Ohio's multiple-count statute, R.C. 2941.25, outlines the legislature's "intent to permit cumulative sentencing for the commission of certain offenses." State v. Rance,85 Ohio St.3d 632, 1999-Ohio-291, quoting State v. Bickerstaff (1984),10 Ohio St.3d 62, 66. R.C. 2941.25(B) permits a criminal defendant to be punished for multiple offenses of dissimilar import whereas R.C. 2941.25(A) provides that a criminal defendant may be convicted of only one offense despite an indictment that includes charges for multiple offenses "where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import * * *." Nonetheless, if a defendant commits offenses of similar import separately or with a separate animus, that defendant may be punished for both under R.C.2941.25(B).
 {¶ 10} In State v. Rance, 85 Ohio St.3d at 638, the Ohio Supreme Court found that offenses are of similar import if the elements of each crime in the abstract "correspond to such a degree that the commission of one crime will result in the commission of the other." Id., quoting State v. Jones,78 Ohio St.3d 12, 14, 1997-Ohio-38.
 {¶ 11} Powers was charged with two counts of burglary, in violation of R.C. 2911.12(A)(2), which provides that, "no person by force, stealth or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense."
 {¶ 12} When an offense is defined in terms of conduct toward another, then there is a dissimilar import for each person affected by the conduct. State v. Phillips (1991),75 Ohio App.3d 785, 790, citing State v. Jones (1985),18 Ohio St.3d 116, 118. R.C. 2911.12(A)(2), however, is not defined in terms of conduct toward another person. Instead, this provision examines the defendant's entrance into an occupied structure — that is a permanent or temporary habitation when another person is present — that defines the prohibited conduct. There is no language in R.C. 2911.12(A)(2) that proscribes any conduct toward the person or persons present in the structure. It is the mere presence of another individual after an unlawful entrance that is an element of the offense of burglary, not any harm toward that individual. With the exception of the inclusion of John or Tonya O'Meara's names in each count, they are the same offenses.
 {¶ 13} In State v. Allen (Dec. 18, 2003), Cuyahoga App. No. 82618, 2003-Ohio-6908, the defendant was charged with, among other charges, two counts of burglary in violation of R.C.2911.12 (A)(1). Allen appealed claiming that both counts of burglary should have merged for sentencing purposes. This Court found that,
"But for the inclusion of the women's names in each count, they are the same offenses. What becomes the issue then is whether the two burglary offenses were committed with a separate animus so that appellant may be punished for both. We think not.The evidence indicates that appellant entered one residence for the purpose of committing a criminal offense. Because he was apprehended within that residence before any further offense was committed, there is nothing from which we can determine that he committed these crimes with a separate animus. Consequently, the trial court erred in convicting and sentencing appellant for both burglary offenses. See, e.g., State v. Harrison (Dec. 9, 1999), Cuyahoga App. No. 75294."
 {¶ 14} We find that a similar situation exists in the present case. But for the addition of two different names, the two counts of burglary are precisely the same.
 {¶ 15} Powers' first assignment of error, as it relates to his two convictions for burglary in violation of R.C.2911.12(A)(2) has merit. We, therefore, vacate his conviction for the second count of burglary.
 {¶ 16} In his second assignment of error, Powers claims error in the trial court's denial of his Crim.R. 29 motion for acquittal.
 {¶ 17} Crim.R. 29(A) provides that:
"The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 18} The same standard of review that is applied to a challenge to the sufficiency of evidence is also applied to a denial of a motion for acquittal pursuant to Crim.R. 29. Statev. Ready (2001), 143 Ohio App.3d 748, 759, 758 N.E.2d 1203.
 {¶ 19} When presented with a challenge to the sufficiency of the evidence, the Ohio Supreme Court in State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, delineated the role of an appellate court as follows:
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jackson v. Virginia (1979), 443 U.S. 307.
 {¶ 20} Whether the evidence is legally sufficient is a question of law, not fact. State v. Thompkins,78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. In determining the sufficiency of the evidence, an appellate court must give "full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."Jackson v. Virginia, supra at 319. Consequently, the weight of the evidence and the credibility of the witnesses are issues primarily determined by the trier of fact. State v. Yarbrough,95 Ohio St.3d 227, 2002-Ohio-2126; State v. Thomas (1982),70 Ohio St.2d 79, 80. A verdict will not be disturbed unless, after viewing the evidence in a light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh,90 Ohio St.3d 460, 484, 2001-Ohio-4; Jenks, supra, at 273.
 {¶ 21} Testimony presented at trial by both Mr. and Mrs. O'Meara established that: Powers entered their West 140th Street home, uninvited, that he was seen standing in the entrance to the home at 4:30 a.m. when confronted by Mrs. O'Meara, and that he ran away from the home only after the O'Mearas' dog began barking. (Tr. 18-33; 54.) Further testimony from the investigating detectives revealed that Vincent Powers was found walking within a few blocks of the O'Mearas' home in the early hours of the morning and that he was nervous and sweating when approached by the officers. (Tr. 85-87.) When Powers was taken to the O'Mearas' home for identification, Mrs. O'Meara positively identified him as the man she saw in her home. When viewed in a light most favorable to the prosecution, the evidence is sufficient to support Powers' burglary conviction.
 {¶ 22} Although Powers asserts that his Crim.R. 29 motion for acquittal should have been granted because the trial court could not determine his purpose in entering the O'Mearas' home, we find that the record contains a reasonable inference that he entered the home with the intent to commit a theft.
 {¶ 23} As this court held in State v. Miller, Cuyahoga App. No. 79975, 2002-Ohio-1416,
"It is difficult to ascertain the intent of a person in forcibly entering an occupied structure if he is apprehended before he commits any overt act inside the premises. Nevertheless, there is a reasonable inference that one who forcibly enters a dwelling * * * does so with the intent to commit a theft offense in the absence of circumstances giving rise to a different inference."[1]
 {¶ 24} For these reasons, Powers' second assignment of error lacks merit.
 {¶ 25} We affirm Powers conviction on one count of burglary in violation of R.C. 2911.12(A)(2) and we vacate his conviction as to a second count of burglary. As the trial court ordered Powers to serve his original sentence as a concurrent, five-year sentence, the length of his sentence remains unchanged.
 {¶ 26} This case is remanded to the trial court for a corrective journal entry to reflect a conviction on only one count of burglary.
It is ordered that appellee and appellant split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., concurs.
 Karpinski, P.J., Dissents (see attached dissenting opinion).
 APPENDIX
ASSIGNMENTS OF ERROR
"I. THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION ANDSECTION TEN, ARTICLE I OF THE OHIO CONSTITUTION, AND R.C. 2941.25PROHIBIT AN ACCUSED FROM BEING CONVICTED AND SENTENCED FORVIOLATIONS OF BOTH R.C. 2911.12(A)(1) AND R.C. 2911.12(A)(2).
 II. WHERE CIRCUMSTANCES EXIST SUPPORTING INFERENCES OF BOTHCRIMINAL INTENT AND A LACK OF CRIMINAL INTENT THE ACCUSED A RULE29 MOTION TO DISMISS SHOULD BE GRANTED."
[1] See also State v. Flowers (1984), 16 Ohio App.3d 313,315; State v. Turner (Aug. 23, 2001), Cuyahoga App. No. 78630, (the intent to commit a theft offense can be inferred from the fact of forcible entry, in the absence of circumstances giving rise to a different inference). State v. Levingston
(1995), 106 Ohio App.3d 433.
 DISSENTING OPINION