[Cite as *State v. Riddick*, 2020-Ohio-1117.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 108511 |
| v. | : | |
| BARRY RIDDICK, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 26, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-632390-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jillian J. Piteo, Assistant Prosecuting Attorney, *for appellee.*

Barry Riddick, *pro se.*

RAYMOND C. HEADEN, J.:

{¶ 1} Defendant-appellant Barry Riddick ("Riddick") appeals his conviction for breaking and entering. For the reasons that follow, we affirm.

**Procedural and Substantive History**

{¶ 2} On September 11, 2018, Riddick was indicted on one count of breaking and entering in violation of R.C 2911.13(B) and one count of possessing criminal tools in violation of R.C. 2923.24(A), both felonies of the fifth degree. These charges arose from an incident on September 3, 2018, in which Cleveland police officers responded to Wilkoff & Sons, L.L.C., ("Wilkoff") a scrap yard located near East 47th Street and Woodland Avenue in Cleveland, Ohio.

{¶ 3} Brandon Erskine ("Erskine") is the owner of First Line Defense, a security company used by Wilkoff. On September 3, 2018, Erskine was working at Wilkoff and received a call around 2:30 in the afternoon from another guard on duty who reported hearing talking and noises coming from the front of the property. When Erskine responded to that area, he observed metal being thrown over the fence from Wilkoff property in the area of a large hole in the fence. He then observed two men run from the property into the woods nearby. At trial, Erskine identified Riddick as one of the men he observed running away from the property. Security was unable to apprehend either man at that point.

{¶ 4} Later in the afternoon on September 3, 2018, Erskine received another call. Erskine responded to the area of the call and observed three men throwing scrap outside of Wilkoff's fence. When the men saw security approaching, they fled. Two of the men ran into the woods, and Riddick attempted to run away but got stuck between trailers just outside of Wilkoff property, where he was ultimately apprehended. A struggle ensued between Riddick and the security

officers. Erskine observed Riddick reach for something in his pocket and used pepper spray. Ultimately, security handcuffed Riddick and called police and EMS to the scene.

{¶ 5} On November 9, 2018, Riddick filed a motion for a hearing on his desire to represent himself at trial. Following a hearing on November 14, 2018, the court granted Riddick's motion and appointed standby counsel. On November 14, 2018, the state filed a motion to admit evidence of other acts pursuant to Evid.R. 404(B) regarding five previous incidents in which Riddick had been convicted of breaking and entering onto the same property.

{¶ 6} On February 27, 2019, a jury trial began. The state called Cleveland police officer Patrick Valencic ("Officer Valencic"), who testified that he responded to Wilkoff on September 3, 2018, and observed a handcuffed Riddick being treated for pepper spray by EMS. Officer Valencic testified that he and his partner went to the hospital with Riddick and that a piece of scrap metal, introduced into evidence by the state, was found on Riddick during a pat down at the hospital. The state also called Denver Staller ("Staller"), the vice president of Wilkoff. Staller testified as to the nature and boundaries of Wilkoff's property, as well as the company's ongoing problem with thieves breaking into the property through holes in the fence bordering the property. Staller also testified that he had personally caught Riddick in the act of stealing from Wilkoff on numerous prior occasions. The state also called Erskine as a witness, who described the events of September 3, 2018, that led to Riddick's apprehension.

{¶ 7} Riddick testified on his own behalf. He stated on direct examination that he had been on Wilkoff property to steal prior to his apprehension on September 3, 2018. On cross-examination, the state questioned him about his history of stealing from Wilkoff, including his prior convictions.

{¶ 8} On February 28, 2019, the jury returned a verdict of guilty of breaking and entering in violation of R.C. 2911.13(B). The jury was unable to reach a unanimous decision as to possession of criminal tools, and the court declared a mistrial as to that offense. The state elected to proceed on the remaining count of breaking and entering. The court referred Riddick to the probation department for the preparation of a presentence investigation report.

{¶ 9} On April 2, 2019, the court held a sentencing hearing. The court heard from the prosecutor, Staller, and Riddick. The court ultimately sentenced Riddick to 12 months in prison and three years of postrelease control. The court also ordered Riddick to pay court costs.

{¶ 10} Riddick appeals, presenting five assignments of error for our review.

## Law and Analysis

### I. Sufficiency of the Evidence

{¶ 11} In his first assignment of error, Riddick argues that the trial court erred in denying his Crim.R. 29 motion for acquittal because his conviction was not supported by sufficient evidence. A Crim.R. 29 motion for acquittal tests the sufficiency of the evidence. *State v. Hill*, 8th Dist. Cuyahoga No. 98366, 2013-Ohio-578, ¶ 13. Crim.R. 29 mandates that the trial court issue a judgment of acquittal

where the state's evidence is insufficient to sustain a conviction for an offense. *State v. Taylor*, 8th Dist. Cuyahoga No. 100315, 2014-Ohio-3134, ¶ 21. Accordingly, we review a trial court's denial of a defendant's motion for acquittal using the same standard we apply when reviewing a sufficiency of the evidence claim. *Id.* at ¶ 21-23.

{¶ 12} The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶ 13} Riddick argues that there was insufficient evidence to support his conviction for breaking and entering. R.C. 2911.13(B) provides that "[n]o person shall trespass on the land or premises of another, with purpose to commit a felony." In support of this argument, Riddick asserts that there was no evidence presented that he was actually on Wilkoff property or that he had the purpose to commit a felony.

{¶ 14} With respect to whether or not Riddick was on Wilkoff property, he argues that there is no video evidence, circumstantial evidence, or other testimony that placed him on the property. A review of the record shows that this argument is meritless. Erskine testified that on two separate occasions on September 3, 2018,

he observed metal being thrown over the fence, and that he subsequently observed Riddick attempt to flee from security. The second time Riddick attempted to flee, he was apprehended just outside of Wilkoff property. Staller, Wilkoff's vice president, testified that the company has a chronic theft problem. The fence surrounding the property has several holes in it as a result of constant attempts by thieves to steal scrap. Staller testified that he had personally encountered Riddick on the property numerous times prior to September 3, 2018. Staller also testified that based on the unique nature of the scrap Wilkoff recycles and Wilkoff's somewhat isolated location in an industrial area, an individual who was not employed by Wilkoff would generally have no purpose to be on or near Wilkoff property. Further, Riddick himself testified that he had previously been on Wilkoff property to steal scrap metal. All of this is sufficient to conclude that Riddick trespassed on Wilkoff property on September 3, 2018.

{¶ 15} With respect to whether Riddick trespassed with the purpose to commit a felony, Riddick argues that the state failed to establish that he intended to steal any amount of scrap, let alone the threshold amount required for a felony theft offense. The purpose to commit a felony may be proved by direct or circumstantial evidence. *State v. Roseberry*, 197 Ohio App.3d 256, 2011-Ohio-5921, 967 N.E.2d 233, ¶ 45 (8th Dist.). Here, the state presented evidence that Wilkoff dealt with specialized materials and regularly suffered thousands of dollars in losses as a result of individuals breaking into the property and stealing materials. Evidence was also presented, in the form of Riddick's own testimony, that he had previously trespassed

on Wilkoff property with the purpose to commit theft. At trial and on appeal, Riddick was adamant that he did not have the purpose or ability to steal more than $1,000 of material from Wilkoff.

{¶ 16} Ohio courts have held that when a person is apprehended following a trespass, it is reasonable to infer that he did "'so with the intent to commit a theft offense, in the absence of circumstances giving rise to a different inference.'" *State v. Powers*, 8th Dist. Cuyahoga No. 86365, 2006-Ohio-2458, ¶ 23, quoting *State v. Miller*, 8th Dist. Cuyahoga No. 79975, 2002-Ohio-1416. Further, a jury is not required to accept a competing inference of innocence if it may infer guilt, beyond a reasonable doubt, from the same circumstances. *State v. Levingston*, 106 Ohio App.3d 433, 437, 666 N.E.2d 312 (2d Dist.1995). Following a thorough review of the record, we conclude that there was sufficient evidence presented at trial that Riddick had the purpose to commit felony theft when he trespassed on Wilkoff property. Therefore, Riddick's first assignment of error is overruled.

## II. Manifest Weight of the Evidence

{¶ 17} In Riddick's second assignment of error, he argues that his conviction was against the manifest weight of the evidence. Unlike a challenge to the sufficiency of evidence, a manifest weight challenge attacks the quality of the evidence and questions whether the state met its burden of persuasion at trial. *State v. Hill*, 8th Dist. Cuyahoga No. 99819, 2014-Ohio-387, ¶ 25, citing *Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, at ¶ 13. When reviewing a manifest weight challenge, a court reviews the entire record, weighing all evidence and reasonable

inferences and considering the credibility of the witnesses, to determine whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541.

{¶ 18} In support of this assignment of error, Riddick argues that the state relied on improper other acts evidence — specifically, his prior convictions for breaking and entering against the same victim — and that without this, there was no evidence supporting his conviction. We will address Riddick's arguments regarding the admission of other acts evidence in our analysis of Riddick's third, fourth, and fifth assignments of error. Because Riddick does not make an independent argument that his conviction was against the manifest weight of the evidence, his second assignment of error is overruled.[1]

### III. Other Acts Evidence

{¶ 19} In Riddick's remaining assignments of error, he challenges the admission of other acts evidence pursuant to Evid.R. 404(B). Riddick's third assignment of error asserts that the trial court erred by failing to rule on the state's pretrial motion to admit other acts evidence. Riddick's fourth assignment of error asserts that the trial court erred by commenting on, and allowing the state to introduce other acts evidence. Riddick's fifth assignment of error asserts that the

---

[1] Pursuant to App.R. 12(A)(2), the court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

trial court erred in permitting testimony regarding other acts and failing to give his suggested limiting instruction to the jury. We will address these assignments of error together.

{¶ 20} Riddick's first argument with respect to the introduction of other acts evidence is that the trial court erred by failing to rule on the motion prior to the start of the trial. As an initial matter, this argument is contradicted by the record. On January 14, 2019, at the final pretrial hearing, the court announced that the state's motion to admit other acts evidence was granted. Moreover, Evid.R. 404(B) provides:

> In criminal cases, the proponent of evidence to be offered under this rule shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The rule required that the state provide reasonable notice to Riddick of the general nature of any Evid.R. 404(B) evidence it intended to introduce at trial. The state complied with this rule by filing a pretrial motion. Before granting the motion, the trial court stated that its ruling on the admission of Evid.R. 404(B) evidence would be "an advisory ruling only." The court went on to explain that its ultimate ruling on the admission of Evid.R. 404(B) evidence would occur whenever the state introduced Evid.R. 404(B) evidence at trial and the court would rule on any objection by Riddick at that time. Therefore, Riddick's third assignment of error is overruled.

{¶ 21} Riddick's next argument with respect to the introduction of Evid.R. 404(B) evidence is that the trial court erred by allowing the state to introduce this evidence at trial because it did not satisfy the three-part test set forth in *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, 983 N.E.2d 1278. In *Williams*, the Ohio Supreme Court laid out the test trial courts use to determine the admissibility of Evid.R. 404(B) evidence. First, the court must consider whether the evidence is "relevant to making any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." *Id.* at ¶ 20. Second, the court must consider whether the evidence is presented to prove the character of the accused in order to show activity in conformity therewith or whether the evidence is presented for a legitimate purpose stated in Evid.R. 404(B). *Id.* Finally, the court must consider whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *Id.*

{¶ 22} The admission of evidence "lies within the broad discretion of the trial court, and a reviewing court should not disturb evidentiary decisions in the absence of an abuse of discretion that has created material prejudice." *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 62, citing *State v. Issa*, 93 Ohio St.3d 49, 64, 2001-Ohio-1290, 752 N.E.2d 904. Therefore, our review is limited to determining whether the trial court's admission of evidence was unreasonable, arbitrary, or unconscionable. *State v. Barnes*, 94 Ohio St.3d 21, 23, 759 N.E.2d 1240 (2002).

{¶ 23} Here, each step of the *Williams* test was satisfied. Riddick argues that the other acts evidence was irrelevant without providing any reasoning. We disagree. The fact that Riddick has numerous convictions for breaking and entering against the same victim was relevant to show a common scheme or plan relevant to the September 3, 2018 breaking and entering offense. The evidence helps to establish that Riddick had a common scheme in the form of stealing scrap metal from Wilkoff by entering a hole in the fence and throwing metal over the fence.

{¶ 24} Riddick also argues that the evidence was introduced in order to prove his character and show that he was acting in conformity with that character, again without providing any reasoning. Contrary to Riddick's argument, there is nothing in the record indicating that the evidence was introduced for this purpose, rather than the purpose of showing a common scheme or plan.

{¶ 25} Finally, Riddick argues that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. We disagree. The other acts evidence was highly probative because it served to establish that Riddick had a common scheme or plan to steal from a particular victim using a particular method. Further, to the extent that it was prejudicial, it was no more prejudicial than Riddick's own testimony that he had stolen from Wilkoff in the past, and this prejudice does not substantially outweigh its probative value. Therefore, Riddick's fourth assignment of error is overruled.

{¶ 26} Riddick's final argument with respect to Evid.R. 404(B) evidence is that the trial court erred when it failed to give the limiting instruction Riddick

suggested. A trial court's decision to grant or deny a requested jury instruction is reviewed under an abuse of discretion standard. *State v. Betliskey*, 8th Dist. Cuyahoga No. 101330, 2015-Ohio-1821, ¶ 17, citing *State v. Williams*, 8th Dist. Cuyahoga No. 90845, 2009-Ohio-2026, ¶ 50. A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary. *Id.*, citing *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

{¶ 27} Here, the Evid.R. 404(B) evidence was clearly introduced in order to show that Riddick had a common scheme or plan. There is nothing in the record indicating that the evidence of his prior convictions was being used to show his character and that he was acting in conformity with that character on September 3, 2018. Further, before the evidence of his prior convictions was admitted at trial, Riddick testified on direct examination that he had been on Wilkoff property in order to commit theft prior to the September 3, 2018 incident. Therefore, the danger of unfair prejudice from the Evid.R. 404(B) evidence was not substantially outweighed by its probative value, and we cannot conclude that the trial court's failure to give a limiting instruction was an abuse of discretion. Riddick's fifth assignment of error is overruled.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR